Morales Mejia v. Lynch
BIA
A029 728 460

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand sixteen.

PRESENT:
       DENNIS JACOBS,
       BARRINGTON D. PARKER,
       GERARD E. LYNCH,
            *Circuit Judges*.
_____

DOLORES OSWALDO MORALES MEJIA,
       *Petitioner*,

       v.                                    13-1252
                                             NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
       *Respondent*.
_____

FOR PETITIONER:          Rahul Chakravartty, Bridgeport, CT.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General, Francis W. Fraser, Senior
                         Litigation Counsel, Dawn S. Conrad,
                         Trial Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dolores Oswaldo Morales Mejia, a native and citizen of Honduras, seeks review of a March 14, 2013, decision of the BIA denying his motion to reopen. *In re Morales Mejia*, No. A029 728 460 (B.I.A. Mar. 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, remaining "mindful that motions to reopen are 'disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

The BIA did not abuse its discretion in denying reopening because Morales failed to submit an application for relief with his motion, as required under the regulations. 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk